## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FRANK DIAZ | CIVIL ACTION |
| VERSUS | NO. 18-7811 |
| W.S. "SANDY" MCCAIN | SECTION "G"(2) |

## ORDER AND REASONS

Before the Court are Petitioner Frank Diaz's ("Petitioner") objections to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[1] Petitioner, a state prisoner incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] On January 25, 2019, the Magistrate Judge recommended that the Court dismiss the petition without prejudice for failure to exhaust state court remedies.[3] Petitioner objects to the Magistrate Judge's recommendation.[4] After reviewing the petition, the Magistrate Judge's Report and Recommendation, Petitioner's objections, the record, and the applicable law, the Court will overrule Petitioner's objections, adopt the Magistrate Judge's Report and Recommendation, and dismiss the petition without prejudice.

---

[1] Rec. Doc. 14.

[2] Rec. Doc. 1.

[3] Rec. Doc. 13.

[4] Rec. Doc. 14.

1

## I. Background

*A.      Factual Background*

On January 21, 2015, Petitioner was charged by a bill of information in Orleans Parish Criminal District Court with second degree battery, attempted second degree murder, and extortion.[5] On October 8, 2015, following a two-day jury trial, Petitioner was found guilty of second degree battery and attempted manslaughter.[6] On February 29, 2016, Petitioner was sentenced to eight years imprisonment for the second degree battery conviction without benefit of parole, probation, or suspension of sentence, and ten years imprisonment for the attempted manslaughter conviction.[7]

Petitioner subsequently appealed his conviction and sentence to the Louisiana Fourth Circuit Court of Appeal, asserting two errors: (1) the evidence was insufficient to support the verdicts because the State failed to prove the victim suffered serious injury or that defendant had specific intent to kill; and (2) the convictions and sentences constituted double jeopardy.[8] On September 6, 2017, the Louisiana Fourth Circuit affirmed Petitioner's convictions.[9] However, the Louisiana Fourth Circuit found that the state trial court incorrectly imposed the sentence for second degree battery with restrictions on parole, probation, or suspension of sentence.[10] Therefore, the Louisiana Fourth Circuit ordered the state trial court to amend the sentencing minutes to reflect no

---

[5] State Rec., Vol. I of VII, Bill of Information, Jan. 21, 2015.

[6] State Rec., Vol. I of VII, Trial Minutes, Oct. 9, 2015.

[7] State Rec., Vol. I of VII, Sentencing Minutes, Feb. 29, 2016.

[8] State Rec., Vol. VI of VII, Appeal Brief.

[9] *State v. Diaz*, 2017-KA-324 (La. App. 4 Cir. 9/6/17); State Rec., Vol. I of VII.

[10] *Id.*

such restriction.[11] The state trial court amended Petitioner's sentence on September 12, 2017.[12] On May 18, 2018, the Louisiana Supreme Court denied Petitioner's writ application without stated reasons.[13]

On August, 15, 2018, Petitioner filed the instant federal habeas corpus petition, asserting the following grounds for relief: (1) the evidence was insufficient to support the conviction because the victim was too intoxicated to give a truthful and accurate account of how she received several minor injuries; (2) the State failed to prove beyond a reasonable doubt that petitioner had specific intent to kill and commit second degree battery; (3) the State knowingly presented perjured testimony of the victim and other witnesses; (4) the State's use of other crimes evidence deprived Petitioner of a fair trial; (5) the convictions and sentences are a violation of double jeopardy; and (6) trial and appellate counsel were ineffective for not properly asserting and arguing the constitutional claims supported by the record.[14] The State filed a response, arguing that Petitioner failed to exhaust his state court remedies with respect to all of the claims except for the double jeopardy and insufficient evidence claims asserted on direct appeal.[15] Petitioner filed a reply to the State's response, asserting that he had exhausted all known avenues of relief in the state courts.[16]

---

[11] *Id.*

[12] State Rec., Vol. I of VII, Minute Entry, Sept. 12, 2017.

[13] *State v. Diaz*, 2017-KO-1722 (La. 5/18/18); 242 So. 3d 1226.

[14] Rec. Doc. 1.

[15] Rec. Doc. 11.

[16] Rec. Doc. 12.

### B.   *Report and Recommendation Findings*

On January 25, 2019, the Magistrate Judge issued a Report and Recommendation, recommending that the petition be dismissed without prejudice for failure to exhaust state court remedies.[17] The Magistrate Judge noted, and the State conceded, that Petitioner has exhausted review on the insufficiency of the evidence and double jeopardy claims.[18] However, the Magistrate Judge found that Petitioner did not raise the remaining claims on direct appeal or seek post-conviction relief before the state courts.[19]

The Magistrate Judge noted that Petitioner made unsuccessful pretrial challenges to the State's use of introduction of other crimes evidence in state trial court, and filed a pretrial writ application before the Louisiana Fourth Circuit challenging the trial court's ruling.[20] However, the Louisiana Fourth Circuit denied pretrial consideration of that claim, finding that Petitioner had "an adequate remedy on appeal."[21] Nevertheless, Petitioner did not raise this claim before the Louisiana Fourth Circuit on direct appeal.[22] In addition, the Magistrate Judge found that Petitioner did not present the perjury or ineffective assistance of counsel claims to the state trial court or Louisiana Fourth Circuit before asserting them in his writ application to the Louisiana Supreme Court.[23] Because Petitioner failed to present the ineffective assistance of counsel, other crimes

---

[17] Rec. Doc. 13.

[18] *Id*. at 10.

[19] *Id*.

[20] *Id*. at 11.

[21] *Id*. (quoting State Rec., Vol. VII of VII, 2015-K-0547 (La. App. 4 Cir. 5/22/15)).

[22] *Id*.

[23] *Id*.

evidence, or perjured testimony claims before every level of the state courts, the Magistrate Judge determined that these claims were unexhausted.[24]

The Magistrate Judge noted that the Supreme Court has recognized that a stay of a federal habeas petition that presents both exhausted and unexhausted claims may be appropriate to allow a petitioner the opportunity to pursue the unexhausted claims in state court.[25] However, the Magistrate Judge determined that Petitioner was not entitled to a stay because he had not demonstrated "good cause" for the failure to exhaust.[26] Accordingly, the Magistrate Judge recommends that the petition be dismissed without prejudice for failure to exhaust state court remedies.[27] Alternatively, the Magistrate Judge informed Petitioner that he may amend the habeas petition to dismiss the unexhausted claims and proceed only on the exhausted claims.[28]

## **II. Objections**

### A.    *Petitioner's Objections*

Petitioner objects to the Magistrate Judge's Report and Recommendation.[29] Petitioner argues that when a "defendant's failure to appeal is attributable to an error by his lawyer, the defendant is entitled to collateral relief without requiring him to show that this appeal would have merit."[30] He asserts that he was deprived of his rights when the State failed to provide a Cuban

---

[24] *Id.* at 12.

[25] *Id*. (citing *Pliler v. Ford*, 542 U.S. 225, 233 (2004)).

[26] *Id.* at 13.

[27] *Id.*

[28] *Id.*

[29] Rec. Doc. 14.

[30] *Id*. at 2.

5

native as an interpreter.[31] Finally, Petitioner contends that the State "has not conceded that State post-conviction and sentencing procedure is available to [Petitioner] to require dismissal without prejudice [of] three claims raised in the trial court and the Louisiana Supreme Court…"[32]

### B. *State's Opposition*

The State of Louisiana did not file a brief in opposition to Petitioner's objections, despite receiving electronic notice of the filing.

## III. Standard of Review

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter.[33] A district judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[34] A district court's review is limited to plain error for parts of the report which are not properly objected to.[35]

## IV. Law and Analysis

Petitioner objects to the Magistrate Judge's Report and Recommendation, arguing that his failure to exhaust should be excused because his appellate counsel failed to raise the unexhausted

---

[31] *Id.*

[32] *Id.* at 3.

[33] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[34] Fed. R. Civ. P. 72(b)(3).

[35] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

6

claims on direct appeal.[36] Accordingly, the Court reviews this issue *de novo*.[37]

"A fundamental prerequisite for federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief."[38] The Fifth Circuit has recognized that "habeas corpus jurisprudence consistently underscores the central importance of comity, of cooperation and of rapport between the parallel systems of state and federal courts."[39] "These concerns animate [the court's] strict adherence to the doctrine of exhaustion—*i.e.*, the notion that federal courts will not consider a claim on habeas review if it has not been considered and finally rejected by the state courts."[40] "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies [] thereby giving the State the opportunity to pass upon any correct alleged violations of its prisoners' federal rights. To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court. . . ."[41]

Here, Petitioner does not dispute the Magistrate Judge's finding that three of the claims raised in the federal habeas petition are not exhausted because they were not presented to the state courts in a procedurally proper manner. Specifically, the ineffective assistance of counsel, other crimes evidence, and perjured testimony claims are not exhausted.

A federal habeas corpus petition should typically be dismissed without prejudice if the

---

[36] Rec. Doc. 14.

[37] Fed. R. Civ. P. 72(b)(3).

[38] *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519–20 (1982)).

[39] *Gomez v. Dretke*, 422 F.3d 264, 266 (5th Cir. 2005) (internal citations and quotation marks omitted).

[40] *Id.*

[41] *Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (internal citations and quotation marks omitted).

7

petitioner has failed to exhaust all available state remedies.[42] However, dismissal without prejudice of a "mixed petition," which raises both exhausted and unexhausted claims, may result in a subsequent petition being barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).[43] Because of this dilemma, federal courts are authorized to stay a habeas petition and hold it in abeyance while a petitioner exhausts claims in state court.[44] The United States Supreme Court has noted that a "stay and abeyance should be available only in limited circumstances."[45] A district court should stay federal habeas proceedings to allow a petitioner to exhaust state remedies only when the district court finds: "(1) the petitioner has good cause for failure to exhaust his claim, (2) the claim is not plainly meritless, and (3) the petitioner has not engaged in intentional delay."[46] In cases where the district court finds that a stay is not warranted, the United States Supreme Court has suggested that district courts "should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain habeas relief."[47]

This petition is a mixed petition raising both exhausted and unexhausted claims. Accordingly, the Court must either: (1) stay the case to allow Petitioner to return to the state courts to fully exhaust his claims;[48] (2) allow Petitioner "to delete the unexhausted claims and to proceed

---

[42] *Pliler v. Ford*, 542 U.S. 225, 230 (2004).

[43] *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (holding that 28 U.S.C. § 2244(d)'s one-year limitation period is not tolled during the pendency of federal habeas proceedings).

[44] *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

[45] *Id.*

[46] *Shillereff v. Quarterman*, 304 F. App'x 310, 314 (5th Cir. 2008) (citing *Rhines*, 544 U.S. at 277–78).

[47] *Rhines*, 544 U.S. at 278.

[48] *Id.*

8

with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain habeas relief;"[49] or (3) dismiss the entire petition without prejudice for failure to exhaust.[50]

In the objections to the Report and Recommendation, Petitioner appears to argue that his failure to exhaust should be excused because his appellate counsel failed to raise the unexhausted claims on direct appeal.[51] Petitioner neglects to recognize that under Louisiana law, ineffective assistance of counsel claims "should typically be brought in collateral proceedings" rather than on direct appeal.[52] Petitioner has not filed any collateral proceedings in state court, nor has he provided any reason to justify his failure to pursue post-conviction relief before the state courts. Furthermore, Petitioner has not attempted to raise the ineffective assistance of trial counsel claim or any ineffective assistance of appellate counsel claim in state court. Accordingly, the Court finds that a stay is not warranted because Petitioner has failed to demonstrate good cause to excuse his failure to exhaust.[53]

The Report and Recommendation notified Petitioner that he could dismiss the unexhausted claims and proceed only on the exhausted claims. However, Petitioner has declined to exercise this option. Accordingly, the Court finds that the entire mixed petition must be dismissed without prejudice for Petitioner's failure to exhaust his remedies in the state courts.

---

[49] *Id.*

[50] *Pliler*, 542 U.S. at 230.

[51] Rec. Doc. 14.

[52] *Coleman v. Goodwin*, 833 F.3d 537, 542 (5th Cir. 2016).

[53] *See Shillereff*, 304 F. App'x at 314.

## V. Conclusion

For the reasons stated above, the Court concludes that the petition must be dismissed without prejudice for Petitioner's failure to exhaust state court remedies. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED;**

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner Frank Diaz's petition for issuance of a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

**NEW ORLEANS, LOUISIANA,** this __17th__ day of May, 2019.

_Nannette Jolivette Brown_
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**